## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL HENRY,
              Appellant,

      v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
PH-0752-15-0290-I-1

DATE: February 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Durishan, Esquire, Atlanta, Georgia, for the appellant.

David K. Siegle, Esquire, Tobyhanna, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his 30-day suspension and two-grade demotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to VACATE the administrative judge's consideration of a second charge that the agency did not sustain, we AFFIRM the initial decision.

¶2        At all times relevant to this appeal, the appellant held the GS-13 position of Supervisory Distributions Facilities Specialist. Initial Appeal File (IAF), Tab 11 at 18. In October 2014, one of the appellant's subordinates, S.M., filed a sexual harassment complaint against him. *Id*. at 27-29. During the agency's investigation, the appellant provided a sworn statement, acknowledging that he had "inappropriate sexual harassing contact" with S.M., though some details differed between his account and that of S.M. *Id*. at 24-26.

¶3        The agency initially proposed the appellant's removal on October 23, 2014. *Id*. at 34-41. The appellant submitted a response in December 2014. IAF, Tab 9 at 4-20, Tab 10 at 10-52. Around that same time, S.M. provided another statement, this time to the agency's Criminal Investigation Division (CID). IAF, Tab 9 at 22-26. Citing the CID investigation and new information, the agency rescinded the October 2014 proposal and replaced it with a new one. *Id*. at 28.

¶4        On February 10, 2015, the agency issued its revised proposal to remove the appellant. *Id*. at 30-38. The charges included conduct unbecoming and sexual harassment involving a subordinate employee. *Id*. at 31-32. The appellant submitted another response. IAF, Tab 8 at 4-45, Tab 9 at 45-49. Subsequently,

the deciding official did not impose the proposed removal, but instead chose to suspend the appellant for 30 days and demote him two grade levels. IAF, Tab 7 at 4-9, 11, Tab 8 at 47. This appeal followed. IAF, Tab 1.

¶5 After holding the requested hearing, the administrative judge affirmed the appellant's suspension and demotion. IAF, Tab 22, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1, 4.[2] The agency has filed a response, and the appellant has replied. PFR File, Tabs 5-6.

¶6 On review, the appellant alleges that the administrative judge erred in sustaining two charges because the deciding official sustained only one. PFR File, Tab 1 at 14-15. He also alleges that, while the administrative judge properly required that the agency prove sexual harassment under Title VII for the conduct unbecoming charge, he erred in concluding that the agency did so. *Id*. at 20-29. Next, the appellant disputes the penalty. *Id*. at 15-20.[3] Lastly, he reasserts his affirmative defenses of age discrimination, sex discrimination, and reprisal for equal employment opportunity (EEO) activity. *Id*. at 29-33.

We vacate the administrative judge's consideration of a second charge, sexual harassment involving a subordinate employee.

¶7 As the appellant observes, the deciding official sustained only one of the two charges in the proposed removal. PFR File, Tab 1 at 14-15; *compare* IAF, Tab 9 at 30-31, *with* IAF, Tab 7 at 4, Tab 8 at 47; Hearing Compact Disc (HCD) (testimony of the deciding official). The deciding official sustained the conduct unbecoming charge, but did not sustain the charge of sexual harassment involving a subordinate employee. IAF, Tab 7 at 4, Tab 8 at 47; HCD (testimony of the

---

[2] The appellant submitted his petition for review twice, because some of the text in his first submission was slightly distorted. *See, e.g.*, PFR File, Tab 1 at 9, 10, 13, Tab 4 at 1. We will cite exclusively to the first submission because the distortions are inconsequential.

[3] The appellant presented no arguments concerning nexus, and we find no reason to revisit the issue on review.

deciding official). Yet, the administrative judge erroneously considered and found that the agency proved both charges. ID at 6-8; *see Akers v. Department of the Treasury*, 100 M.S.P.R. 270, ¶ 7 (2005) (finding that the administrative judge's action of sustaining a specification that the deciding official did not sustain was error), *aff'd*, 190 F. App'x 941 (Fed. Cir. 2006). We therefore vacate the administrative judge's consideration of the second charge. Nevertheless, we find the error harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The agency imposed its chosen penalty based upon the single charge of conduct unbecoming and, as discussed below, that penalty was reasonable. IAF, Tab 7 at 4-9, Tab 8 at 47.

The administrative judge properly sustained the conduct unbecoming charge.

¶8		Because the agency's conduct unbecoming charge referenced agency policy that tracked the language of Title VII, the parties agree that Title VII provides the proper standard for proving the charge. ID at 6-7; IAF, Tab 9 at 30; PFR File, Tab 1 at 20-22, Tab 5 at 14; *see Viens v. Department of the Interior*, 92 M.S.P.R. 256, ¶ 6 (2002) (observing that if an agency charges an employee with violating a sexual harassment policy that references Title VII standards or tracks the language of Title VII regulations, the proper standard for judging the alleged misconduct is that of Title VII). However, the appellant disputes the administrative judge's conclusion that the agency met that standard. PFR File, Tab 1 at 21-29. We find no merit to his arguments.

¶9		To establish its charge under Title VII, the agency was required to prove that the appellant's conduct was offensive, based on the victim's sex, unwelcome, and sufficiently severe or pervasive to interfere with the victim's job performance or to create an abusive work environment. *Booker v. Department of Veterans Affairs*, 110 M.S.P.R. 72, ¶ 13 (2008). The environment must be both one that a reasonable person would find hostile or abusive and one that was subjectively

perceived as such by the victim. *Harris v. Forklift Systems, Inc.*, [510 U.S. 17](), 21-22 (1993). Whether an environment is hostile or abusive within the meaning of the law requires an examination of all the circumstances; "no single factor is required." *Id*. at 23.

¶10 The agency's local military police initially investigated the alleged incident. IAF, Tab 11 at 21-23. S.M. provided a statement to the investigator regarding her October 7, 2014 encounter with the appellant, in which she described it as follows: the appellant called her into his office, shut the door, grabbed her shoulders and spun her around, hugged her tightly enough that she could not break free, picked her up and sat her on his desk, lifted her right leg up and placed it on top of his desk, stood between her legs, and stated "the things I would like to do to you, I would like to bend you over the desk and drive you so hard." *Id.* at 27.

¶11 As compared to the aforementioned description, the appellant provided a sworn statement acknowledging the following: he asked his subordinate, S.M., to come to his office, he told others to stay outside, he shut the door, he embraced S.M. in a "tight bear hug," she backed up and sat on his desk, he placed a hand on her knee, he embraced her a second time, and he said "now bend over the desk." *Id*. at 24. When asked if he had "inappropriate sexual[ly] harassing contact," the appellant replied, "Yes, I screwed up big time." *Id*. When asked if S.M. ever made any sexual advances towards him, the appellant alleged that S.M. pulled the top of her shirt down and showed him the top of her breasts during the incident at issue. *Id*. He also claimed that the two had previously been flirtatious. *Id*.

¶12 When CID later interviewed S.M., she provided another description of the incident, with additional details.[4] IAF, Tab 9 at 22-26. Among other things, S.M. alleged that when the appellant embraced her, he pressed himself into her, moaning. *Id*. at 24. Because he was reportedly pressed into her inner thigh, S.M.

[4] CID's investigation was separate from the initial investigation by the agency's local military police. IAF, Tab 11 at 7-8.

alleged that she could feel that the appellant was physically aroused and he acknowledged the same before she left his office. *Id*. S.M. described their prior interactions as including occasional flirting from the appellant, and her responding by laughing it off, tapping his wedding ring, and telling him to go away. *Id*. at 23, 26.

¶13    On review, the appellant alleges that it defies logic to conclude that his conduct was unwelcome because S.M. left the encounter with a happy demeanor. PFR File, Tab 1 at 22, 25-27. We disagree. S.M. described being in shock and disbelief about the encounter. IAF, Tab 9 at 22, 24. Given the circumstances, we believe that the purported happy demeanor does not reflect that S.M. welcomed the conduct.

¶14    The appellant also alleges that his conduct was welcome because the meeting started as a conversation about S.M.'s new position, but S.M. changed the tone of the meeting by pulling down the front of her blouse. PFR File, Tab 1 at 26. However, we discern no basis for disturbing the administrative judge's conclusion that S.M.'s description of the encounter as entirely unwelcome was more credible than the appellant's suggestion that S.M. was a willing participant. ID at 6; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002) (holding that the Board must defer to the credibility determinations of an administrative judge when they are based, explicitly or implicitly, upon the observation of the demeanor of witnesses testifying at a hearing because the administrative judge is in the best position to observe the demeanor of the witnesses and determine which witnesses were testifying credibly).

¶15    The appellant next argues that two excluded witnesses should have been permitted to testify to establish that his conduct was not unwelcome. PFR File, Tab 1 at 22-23. Again, we disagree. An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious.

*Franco v. U.S. Postal Service*, [27 M.S.P.R. 322](), 325 (1985). According to the appellant, these excluded witnesses would have established that laughter, and no other unusual sounds, emanated from his office during the incident. PFR File, Tab 1 at 23. They also would have reportedly described S.M. as appearing happy when she left the encounter. *Id.* However, the excluded witnesses already provided written statements. IAF, Tab 8 at 19-21. Among other things, their statements demonstrate that they were unable to hear everything that was happening in the office, including actions and statements the appellant has admitted. *Compare id.*, *with* IAF, Tab 11 at 24. In addition, the excluded witnesses were among several that the appellant requested to detail their observations outside of the closed-door encounter. IAF, Tab 14 at 10-12. We are not persuaded that the administrative judge's decision to permit some, but not all, of those witnesses represents an abuse of discretion. *Compare* IAF, Tab 14 at 10-12, *with* IAF, Tab 17 at 2-3.

¶16    Concerning the excluded witnesses, the appellant also asserts that it was impermissible for the administrative judge to make credibility determinations about their written statements, since they were not permitted to testify. PFR File, Tab 1 at 22-23. However, in finding the conduct unwelcome, the administrative judge relied on his finding that S.M.'s version of events was more credible than that of the appellant, without mentioning the statements of the excluded witnesses. ID at 6.

<u>We sustain the agency's chosen penalty.</u>

¶17    Although the proposing official recommended removal, the deciding official imposed a 30-day suspension and demotion of two grade levels. *Compare* IAF, Tab 9 at 30-38, *with* IAF, Tab 7 at 4-9, Tab 8 at 47. The appellant reasserts that the Board should further mitigate the penalty. PFR File, Tab 1 at 15-20. We disagree.

¶18    If the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable

punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. *Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 5 (2015). The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised. *Id.*

¶19 The appellant first alleges that his penalty exceeds the tolerable limits of reasonableness. PFR File, Tab 1 at 15-18. To support the argument, he compares the case before us to *Woodford v. Department of the Army*, 75 M.S.P.R. 350, 357-58 (1997), where the Board mitigated a removal to a demotion to the highest nonsupervisory position available. PFR File, Tab 1 at 16-17. However, that case is distinguishable. *Woodford* involved an employee taking a subordinate behind closed doors, telling her that he had feelings for her, holding her hand, hugging her, and kissing the top of her head. *Woodford*, 75 M.S.P.R. at 353, 357. The administrative judge found that the conduct was not overtly sexual, but rather was romantic in nature. *Id.* at 354. In contrast, the appellant admitted embracing S.M. in a "tight bear hug" and telling her, "now bend over the desk." IAF, Tab 11 at 24. Moreover, S.M.'s account of the incident, which the administrative judge found more credible than the appellant's, includes additional details that are also much more sexual, aggressive, and intimidating than the facts of *Woodford*. IAF, Tab 9 at 22-26, Tab 11 at 27. Accordingly, we disagree with the appellant's contention that the agency's penalty is unreasonable. *See generally, e.g.*, *Booker*, 110 M.S.P.R. 72, ¶¶ 8-10, 19-24 (deferring to the agency's chosen removal penalty based upon a single incident of sexual comments and inappropriate touching of a coworker, despite the employee's 17 years of unblemished work history and prompt apology).

¶20 The appellant also alleges that the deciding official failed to consider his remorse in determining the appropriate penalty. PFR File, Tab 1 at 19-20; *see Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶¶ 10-15 (2013) (Member

Robbins, dissenting). According to the appellant, he did express remorse over his actions, but the deciding official erroneously found otherwise. PFR File, Tab 1 at 19-20. We find the argument factually inaccurate. Although the appellant expressed sorrow when first questioned about his actions, IAF, Tab 11 at 24-25, his response to the proposed adverse action struck a different tone, suggesting that his actions were both innocuous and welcome, IAF, Tab 8 at 4, 5, Tab 9 at 49. The deciding official properly considered both in rendering his decision. IAF, Tab 7 at 4, Tab 8 at 47.

¶21    In terms of the penalty, the appellant lastly argues that the agency's chosen penalty is inconsistent with the penalties imposed on other employees. PFR File, Tab 1 at 18-19.[5] To establish disparate penalties, an appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010). In this case, the appellant has failed to establish that requisite similarity. The first comparator he identified received a 3-day suspension for engaging in unwelcome contact, such as resting a hand on or wrapping an arm around a subordinate's shoulder. IAF, Tab 7 at 10-19. The other comparator the appellant identified received a 30-day suspension for engaging in inappropriate sexual behavior with subordinates, such as inviting them to an adult-only establishment, explicitly describing a prior visit to the adult-only establishment, and telling a subordinate that looking at her resulted in the need to take a cold shower. *Id*. at 20-35. The deciding official determined that the appellant's misconduct was notably more serious than that of other employees who received lesser penalties, and we agree. IAF, Tab 7 at 6, Tab 16 at 10-49. We find that, even if the identified comparators were otherwise

---

[5] The appellant's argument concerning comparators cites "IAF, Tab 4 at 42-43." PFR File, Tab 1 at 19. However, that exhibit does not contain 43 pages; it appears that the appellant intended to cite part four of the agency's file. *See* IAF, Tab 8 at 42-43.

similarly situated, their conduct does not rise to the level of severity of the appellant's.

The appellant failed to prove his affirmative defenses of age discrimination, sex discrimination, and EEO reprisal.

¶22     After the initial decision was issued, the Board issued a decision that clarified the evidentiary standards and burdens of proof under which the Board analyzes age discrimination, sex discrimination, and EEO reprisal affirmative defenses. *See Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 39-43, 51 (2015). We find that applying the analytical framework in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet his burdens of proving these claims. *See, e.g.*, ID at 8-11.

¶23     Concerning his allegation of age discrimination, the appellant refers to a section of the original proposal, which was rescinded and replaced, discussing relevant factors in determining an appropriate penalty. PFR File, Tab 1 at 30-31; *compare* IAF, Tab 11 at 39, *with* IAF, Tab 9 at 36. In terms of rehabilitation potential, that rescinded proposal stated, "Given your length of service of nearly 30 years with 20 years in a leadership capacity . . . I believe you will no longer add value to the mission, but rather a detriment to it." IAF, Tab 11 at 39. Although we do not endorse that interpretation of lengthy service, we find that this lone, rescinded statement does not evidence age discrimination. ID at 9; *see generally Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997) (finding that a 23-year career with no prior discipline was a factor supporting leniency; it should not have been considered an aggravating factor in determining an appropriate penalty). Further, the revised proposal notice properly considered the appellant's length of service as a mitigating factor. IAF, Tab 9 at 35.

¶24     For his sex discrimination claim, the appellant essentially reasserts that the agency exhibited bias by believing S.M.'s allegations, rather than his. PFR File,

Tab 1 at 32-33.  We disagree.  The agency's crediting one account over another, without more, does not amount to sex discrimination.  ID at 9.

¶25    The appellant's EEO reprisal claim is similarly meritless.  PFR File, Tab 1 at 31-32.  The appellant reportedly filed an EEO complaint after the agency issued the October 2014 proposal to remove him, but before it replaced that proposal with the February 2015 version.  *Id*.  However, the appellant has provided no basis for concluding that the agency officials responsible for the adverse action before us knew of that EEO activity, nor has he otherwise shown that EEO reprisal was a motivating factor.  ID at 10-11.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.